# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:17CR24-JRG** |
| **vs.** | § | |
| | § | |
| | § | |
| **TULLY WILLIAM STANFORD** | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Tully William Stanford's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to the allegations in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 9 months of imprisonment, with credit for time in custody since November 1, 2017, with no further supervised release.

*Background*

After pleading guilty to the offense of aiding and abetting possession with intent to distribute marijuana, a Class C felony, Defendant was sentenced on November 17, 2014, by the Honorable Robert Junell, United States District Judge, Western District of Texas, to 24 months of imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, mental health treatment, travel restrictions, and no contact with the codefendants. The offense carried a statutory maximum imprisonment term of 20 years and the guideline imprisonment range, based on a total

1

offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant completed his term of imprisonment and began serving his term of supervised release on November 11, 2016.

The case was transferred to the Eastern District of Texas on March 31, 2017. The case was then reassigned to Chief Judge Rodney Gilstrap on May 31, 2018.

*Allegations*

In the First Amended Petition for Warrant or Summons for Offender Under Supervision filed on May 31, 2018, United States Probation Officer Andrea Smith alleges that Defendant violated the following conditions of release:

**Allegation 1** (mandatory condition): The defendant shall not commit another federal, state, or local crime. It is alleged that on November 1, 2017, Mr. Stanford was arrested and charged with Felony Assault Family/Household Member Impede Breath/Circulation in Kilgore, Gregg County, Texas. On May 25, 2018, Mr. Stanford pled guilty to Assault Causes Bodily Injury Family Violence, a Class A Misdemeanor, Case No. 47193-B, in the 124th District Court, Gregg County, Texas. He was sentenced to 1 year County Jail with credit for time served.

**Allegation 2** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that on July 28, 2017, September 7, 2017, and October 25, 2017, Mr. Stanford tested positive for the use of Anabolic Steroids.

**Allegation 3** (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment

provider, will supervise your participation in the program. You shall pay any cost associated with treatment and testing. It is alleged that on June 25, 2017, October 15, 2017, and October 25, 2017, Mr. Stanford failed to attend his scheduled appointments for Mental Health Treatment. It is also alleged on March 2, 2017 and March 22, 2017, that Mr. Stanford failed to attend his scheduled appointments for Medication Monitoring.

### Applicable Law

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On June 7, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that an agreement was reached with Defendant and Defendant's counsel, Attorney Reeve Jackson, for Defendant to enter a plea of true to the allegations in the petition and to jointly request a sentence of 9 months of imprisonment, with credit for time in custody since November 1, 2017, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 9 months of imprisonment, with credit for time in custody since November 1, 2017, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the allegations in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 9 months of imprisonment, with credit

for time in custody since November 1, 2017, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 9 months of imprisonment, with credit for time in custody since November 1, 2017, with no further supervised release and with a recommendation to the Bureau of Prisons to designate Defendant to FCI Seagoville.

So ORDERED and SIGNED this 7th day of June, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE